# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **MICHELLE VENTURI,** : | No. 3:08cv236 |
| **Plaintiff** : | |
| : | (Judge Munley) |
| **v.** : | |
| : | |
| **JAMES KRENITSKY, and** : | |
| **BOROUGH OF OLD FORGE,** : | |
| **Defendants** : | |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## MEMORANDUM

Before the court is defendants' partial motion to dismiss the plaintiff's complaint (Doc. 5). Having been fully briefed and argued, the matter is right for disposition.

**Background**

Plaintiff worked for Defendant Old Forge Police Department as a part-time police officer from January 2005 to July 2006. (Complaint (hereinafter "Complt." (Doc. 1) at ¶ 6). During that time, Defendant James Krenitsky was the Captain of the Old Forge Police Department. (Id. at ¶ 8). Together with Lawrence A. Semenza, he supervised the palitniff. (Id.).

Plaintiff alleges that Defendant Krenisky subjected her to sexual harassment while she worked for the force. (Id. at ¶ 9). Plaintiff points to several examples of the alleged harassment. Around July 2006, Krenitsky, in the presence of plaintiff and a fireman, asked another police officer through a two-way radio, whether he

would marry the plaintiff if she weren't already dating someone. (Id. at ¶ 11). The officer replied that he would not. (Id.). The Chief then asked the officer if he would "f–k her." (Id. at ¶ 12). The officer replied that he would. (Id.). On that same day, the Chief, again in plaintiff's presence, asked another officer the same questions. (Id. at ¶¶ 13-14). He replied in the same way. (Id.). The Chief had the same conversation with a third officer in plaintiff's presence later that day. (Id. at ¶¶ 15-16).

Plaintiff alleges that these comments were "part of a continuing and ongoing series of comments and remarks made within the workplace, which also included regular off-color remarks specifically directed at Plaintiff by Krenitsky." (Id. at ¶ 17). She contends that the conduct was unwelcome, sexual in nature, and not related to her job. (Id. at ¶ 18). The harassment became so severe and pervasive that plaintiff contends it created a hostile work environment. (Id. at ¶ 19).

Plaintiff reported this behavior to the Borough's mayor, who took no action. (Id. at ¶¶ 20-21). The borough lacked a policy to deal with such behavior and took no measures to try and prevent it. (Id. at ¶¶ 22, 24). This behavior caused plaintiff severe emotional distress. (Id. at ¶ 23). Eventually, the environment became so intolerable that plaintiff felt compelled to leave her job in September 2006. (Id. at ¶ 25).

Plaintiff field a three-count complaint on February 6, 2008. Count I is brought pursuant to Title VII of the 1964 Civil Rights Act, 42 U.S.C. 2000e, against all of the

defendants for hostile work environment sexual harassment. She seeks both compensatory and punitive damages on that count. Count II is a claim for intentional infliction of emotional distress against Krenitsky and the Borough. Count III is a negligent infliction of emotional distress claim against all of the defendants.

Defendants filed a partial motion to dismiss plaintiff's negligent and intentional infliction of emotional distress claims on March 5, 2008. (Doc. 5). The parties then briefed the issue and the court held oral argument, bringing the case to its present posture.

**Jurisdiction**

As this case is brought pursuant to 42 U.S.C. § 2000e we have jurisdiction under 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."). We have jurisdiction over plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a) ("In any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article II of the United States Constitution.").

**Legal Standard**

Before the court are defendants' motions to dismiss the instant complaint. When analyzing a 12(b)(6) motion to dismiss, all well-pleaded allegations of the complainant must be viewed as true and in the light most favorable to the non-

movant to determine whether "under any reasonable reading of the pleadings, the plaintiff may be entitled to relief." Colburn v. Upper Darby Township, 838 F.2d 663, 665-666 (3d Cir. 1988) (citing Estate of Bailey by Oare v. County of York, 768 F.3d 503, 506 (3d Cir. 1985), (quoting Helstoski v. Goldstein, 552 F.2d 564, 565 (3d Cir. 1977) (per curiam)). The court may also consider "matters of public record, orders, exhibits attached to the complaint and items appearing in the record of the case." Oshiver v. Levin Fishbein, Sedran & Berman, 38 F.3d 1380, 1384 n.2 (3d Cir. 1994)(citations omitted).  The court does not have to accept legal conclusions or unwarranted factual inferences.  See Curay-Cramer v. Ursuline Acad. of Wilmington, Del., Inc., 450 F.3d 130, 133 (3d Cir. 2006) (citing Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997)).  The complaint is properly dismissed "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Haines v. Kerner, 404 U.S. 519, 520-521 (1972)(quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).

**Discussion**

    **i. Intentional Infliction of Emotional Distress**

Defendants seek dismissal of plaintiff's claim of intentional infliction of emotional distress.  The Pennsylvania Superior Court has adopted the tort of intentional infliction of emotional distress by quoting section 46 of the Restatement (Second) of Torts: "'One who by extreme and outrageous conduct intentionally or recklessly causes severe emotional distress to another is subject to liability for such

emotional distress, and if bodily harm to the other results from it, for such bodily harm.'" Hunger v. Grand Central Sanitation, 670 A.2d 173, 177 (Pa. Super. Ct. 1996); see also, Taylor v. Albert Einstein Medical Center, 754 A.2d 650, 652 (Pa. 2000) (finding that "[a]though we have never expressly recognized a cause of action for intentional infliction of emotional distress, and thus have never formally adopted this section of the Restatement, we have cited the section as setting forth the minimum elements necessary to sustain such a cause of action."). The Pennsylvania Supreme Court has found that only the most serious conduct justifies recovery, since "[l]iability has been found only where the conduct has been so outrageous in character, so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.'" Motheral v. Burkhart, 583 A.2d 1180, 1188 (Pa. 1990) (quoting Restatement (Second) of Torts §46, comment d). "'[I]t is for the court to determine in the first instance whether the defendant's conduct may reasonably be regarded as so extreme and outrageous to permit recovery.'" Swisher v. Pitz, 868 A.2d 1228, 1231 (Pa. Super. Ct. 2005) (quoting Johnson v. Caparelli, 625 A.2d 668,671 (Pa. Super. Ct. 1993)).

Though courts have been reluctant to find intentional infliction of emotional distress, they have recognized instances where the defendant's behavior was egregious and outrageous enough to justify imposing liability. See, e.g., Andrews v. City of Philadelphia, 895 F.2d 1469, 1487 (3d Cir. 1990) (finding that "[i]t is extremely

5

Case 3:08-cv-00236-JMM   Document 12   Filed 08/08/08   Page 6 of 9

rare to find conduct in the employment context that will rise to the level of outrageousness necessary to provide a basis for recovery for the tort of intentional infliction of emotional distress."); Papieves v. Kelly, 263 A.2d 118, 122 (Pa. 1970) (finding intentional infliction of emotional distress could lie in a claim that defendants intentionally prevented parents from recovering their son's corpse and buried it without their authorization).

The court finds that the behavior here alleged is sufficiently outrageous to survive a motion to dismiss. For the Chief of Police–the head of law enforcement in the Borough–repeatedly to use the Police Department's communications system to broadcast messages about the sexual availability and desirability of the plaintiff to the entire department is to engage in behavior beyond all bounds of human decency and utterly intolerable in a civilized community. Plaintiff also alleges that defendants regularly engaged in sexually charged behavior that was insulting, degrading and threatening. As such, plaintiff has alleged intentional or reckless conduct that, if proved, would entitle her to recovery for intentional infliction of emotional distress. While the issue of defendants' exact words and conduct could certainly appear again at the summary judgment stage, the allegations are for now sufficient. The court will deny defendants' motion on this point.

**ii. Negligent Infliction of Emotional Distress**

Defendants also challenge plaintiff's claim for negligent infliction of emotional distress. They argue that because plaintiff has not alleged physical injuries resulting

6

from the behavior of which she complains, she cannot recover for negligent infliction of emotional distress. "To state a cause of action for negligent infliction of emotional distress the plaintiff must demonstrate that she is a foreseeable plaintiff and that she suffered a physical injury as a result of defendant's negligence." Armstrong v. Paoli Memorial Hospital, 633 A.2d 605, 609 (Pa. Super. Ct. 1993) (citing Restatement (Second) of Torts §§ 313, 436A). The physical action alleged by the plaintiff must be more than "[t]emporary fight, nervous shock, nausea, grief, rage, and humiliation if [they are] transitory." Id. At the same time, "long continued nausea or headaches, repeated hysterical attacks or mental aberration are compensable injuries." Id. Courts have found that "depression, nightmares, nervousness, insomnia and hysteria are physical symptoms warranting recovery." Id.

Here, plaintiff has alleged that she suffered "severe emotional distress" as a result of defendants' conduct towards her. (Complt. at ¶ 49). The court takes this allegation to be that the emotional distress plaintiff suffered from defendants' conduct was sharp and debilitating and continued over a long period of time. At this preliminary stage of the litigation, plaintiff's allegations are enough to survive a motion to dismiss. Of course, defendants could again raise this issue at the summary judgment stage, when the nature and duration of plaintiff's emotional injuries will presumably be more fully defined. For now, however, the court will deny the defendants' motion on this point as well.

**Conclusion**

For the reasons stated above, the court will deny the defendants' motion to dismiss. An appropriate order follows.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MICHELLE VENTURI,** | : | No. 3:08cv236 |
| **Plaintiff** | : | |
| | : | (Judge Munley) |
| **v.** | : | |
| **JAMES KRENITSKY, and** | : | |
| **BOROUGH OF OLD FORGE,** | : | |
| **Defendants** | : | |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## ORDER

**AND NOW**, to wit, this 8th day of August 2008, the defendants' motion to dismiss plaintiff's complaint (Doc. 5) is hereby **DENIED**.

                                            **BY THE COURT:**

                                            **s/ James M. Munley**
                                            **JUDGE JAMES M. MUNLEY**
                                            **UNITED STATES DISTRICT COURT**